United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30059
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRAZIER THOMAS,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-50073-ALL
---------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Frazier Thomas appeals the 210-month sentence imposed following his guilty plea to one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Thomas contends that the district court erred in enhancing his sentence by two levels pursuant to United States Sentencing Guideline § 2D1.1(b)(1), which applies when a dangerous weapon was possessed during a drug trafficking offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court noted at sentencing that it would have given Thomas the same 210-month sentence even if the two-level dangerous-weapon enhancement did not apply.  The sentence imposed is within the guideline range that would have applied without the enhancement.  Under such circumstances, the error in applying the enhancement, if any, is harmless.  See United States v. Rogers, 126 F.3d 655, 661 (5th Cir. 1997).

Thomas also has filed a letter pursuant to FED. R. APP. P. 28(j) calling our attention to the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). However, we have held that Blakely does not apply to the United States Sentencing Guidelines.  United States v. Pineiro, No. 03-30437, 2004 WL 1543170, at *1 (5th Cir. July 12, 2004).

AFFIRMED.